Glenn J. Dickinson (State Bar #159753)
Panda L. Kroll (State Bar #211877)
**NORDMAN CORMANY HAIR & COMPTON LLP**
1000 Town Center Drive, 6th Floor
P.O. Box 9100
Oxnard, California 93031-9100
(805) 485-1000
(805) 988-8387 (fax)
E-Mail: gdickinson@nchc.com
pkroll@nchc.com

Attorneys for Defendants/Counterclaimants
Freska Produce International LLC and Jesus Loza and
Defendant Gary Clevenger

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| AVOCADOS PLUS INCORPORATED, a California corporation d.b.a. FRESH DIRECTIONS INTERNATIONAL, <br><br> Plaintiff, <br><br> vs. <br><br> FRESKA PRODUCE INTERNATIONAL LLC, a California Limited Liability Company; GARY CLEVENGER, an individual; JESUS LOZA, an individual; and DOES 1 through 25, inclusive, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIM. | CASE NO. CV06-0896 RGK (JTLx) <br><br> Assigned to the Hon. R. Gary Klausner <br><br> **Defendants' Opposition to Motion to Exclude Testimony of Expert Witnesses Scott Cooper and Scott Decker** <br><br> DATE: March 6, 2007 <br> TIME: 9:00 a.m. <br> CTRM: 850 <br><br> TRIAL DATE: March 6, 2007 |

Defendants/Counterclaimants Freska Produce International LLC ("Freska") and Jesus Loza ("Loza") and Defendant Gary Clevenger ("Clevenger") (collectively "defendants") submit the following opposition to the Motion to Exclude Testimony of Expert Witnesses Scott Cooper and Scott Decker of plaintiff Avocados Plus Inc. dba Fresh Directions International ("FDI").

## I. SUMMARY OF ARGUMENT

The defendants' rebuttal experts should be allowed to testify, because the defendants' timely disclosed the identity of the defendants' experts, and because FDI suffered no harm by the absence of a formal expert report.

## II. FACTS

On January 5, 2007, FDI identified its expert witnesses. On February 5, 2007, the defendants identified Cooper and Decker as their expert witnesses, stating that their testimony was intended to "contradict or rebut evidence on the same subject matter identified by the Plaintiff." Dickinson Declaration, ¶ 2. On February 12, 2007, the defendants supplemented their expert disclosure with a summary of the expected testimony of the previously identified experts. Dickinson Declaration, ¶ 3. On February 14, 2007, the defendants supplemented their expert disclosure with background information on the experts. Dickinson Declaration, ¶ 4.

## III. THE DEFENDANTS TIMELY DISCLOSED THEIR EXPERTS' IDENTITIES.

The defendants timely disclosed the identity of their rebuttal experts. Pursuant to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure, a party may disclose the identify of any experts whose testimony "is intended solely to contradict or rebut evidence on the same subject matter identified by another party … within 30 days after the disclosure made by the other party," and may supplement the disclosures as necessary. F. R. Civ. P. Rule 26(a)(2)(C). Based on FDI's January 5 disclosure, service of the defendants' experts on February 5 was timely.

## IV. FDI IS NOT PREJUDICED BY THE ABSENCE OF A FORMAL EXPERT REPORT.

FDI fails to show that it is harmed by the testimony of a witness who fails to prepare or submit such a report. Rule 37(c)(1) of the Federal Rules of Civil Procedure permits even unjustifiably undisclosed information to be admissible if

the failure to disclose was harmless. <u>Galentine v. Holland America Line-Westours, Inc.</u>, 333 F. Supp. 2d 991, 994 (W.D. Wash., 2004). In <u>Galentine</u>, the court ruled that a party's failure to timely provide its expert report to defendant was harmless, and denied the moving party's motion to preclude the expert's testimony at trial. <u>Id.</u> at 994-995. While finding that the report was submitted unjustifiably late, the court noted that the party provided the report only eleven days later, and that the moving party did not deny that it was aware of the experts' identities by the disclosure deadline. <u>Id.</u> at 994. The court distinguished <u>Yeti by Molly, Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1106 (9th Cir. 2001) and other cases where parties failed to provide reports for two and a half years or resisted motions to compel disclosure.

Here, as in <u>Galentine</u>, the potential prejudice that FDI claims it will suffer by the absence of a formal expert report is not so severe as to warrant exclusion of the experts' testimony, particularly because FDI does not dispute that it knew by the disclosure deadline the identities of the defendants' expert witness.

## V.   CONCLUSION

For the foregoing reasons, the defendants respectfully request that the court deny FDI's motion to exclude the testimony of witnesses Cooper and Decker.

DATED: March 1, 2007

NORDMAN CORMANY HAIR & COMPTON LLP

By: _____
Glenn J. Dickinson
Panda L. Kroll
Attorneys for
Defendants/Counterclaimants
Freska Produce International LLC and
Jesus Loza and Defendant Gary Clevenger

16661\001\pld\10290411.DOC

3

## DECLARATION OF PANDA L. KROLL

I, PANDA L. KROLL, declare:

1. I am an attorney at law licensed to practice before all courts in the State of California, and am an associate with the law firm of Nordman, Cormany, Hair & Compton, attorneys of record for Defendants/Counterclaimants Freska Produce International LLC and Jesus Loza and Defendant Gary Clevenger. I give this declaration of my own knowledge and, if called and sworn as a witness, I would competently testify to the facts stated.

2. On February 5, 2007, the defendants identified Cooper and Decker as their expert witnesses, stating that their testimony was intended to "contradict or rebut evidence on the same subject matter identified by the Plaintiff."

3. On February 12, 2007, the defendants supplemented their expert disclosure with a summary of the expected testimony of the previously identified experts.

4. On February 14, 2007, the defendants supplemented their expert disclosure with background information on the experts

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 1st day of March, 2007, at Oxnard, California

_____
PANDA L. KROLL

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF VENTURA

I am employed in the County of Ventura, State of California. I am over the age of 18 and not a party to the within action; my business address is: 1000 Town Center Drive, 6th Floor, P.O. Box 9100, Oxnard, CA 93031-9100.

On March 1, 2007, I served the foregoing document described as **Defendants' Opposition to Motion to Exclude Testimony of Expert Witnesses Scott Cooper and Scott Decker** on the interested parties in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

☒ by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

Richard D. Robbins
Arsine B. Phillips
Natasha N. Dawood
Parker Milliken Clark O'Hara
    & Samuelian
555 South Flower Street, 30th Floor
Los Angeles, CA 90071

Telephone: 213-683-6500
Facsimile: 213-683-6669

Attorneys for Plaintiff and Counter-Defendant Avocados Plus, Incorporated, dba Fresh Directions International

☒ **BY MAIL**

☐ I deposited such envelope in the mail at Oxnard, California. The envelope was mailed with postage thereon fully prepaid.

☒ I caused such envelope to be deposited in the mail at Oxnard, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Oxnard, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 1, 2007, at Oxnard, California.

/s/ G.C. Hentschel

16661\001\pld\10290411.DOC